## G. W. BURTON *v.* A. L. SHOTWELL.

**Specific Performance.**

Where a contract for the sale of real estate correctly describes the land sold, and there was no fraud or false representations made to induce the sale, a court of equity will decree specific performance.

**Property Subject to a Right of Way.**

One who buys real estate by contract, knowing at the time that there is a private right of way over it, cannot refuse to perform his contract on account of such easement.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 9, 1877.

OPINION BY JUDGE COFER:

In the opinion rendered in this case we decided that Burton had a right to a specific performance so far as to compel Shotwell to accept title to the real estate and pay in money the value of the stock he contracted to transfer. It is, therefore, unnecessary to decide whether,

if he had failed to show a right to performance, his suit could have been retained for an award of damages.

Whether Shotwell was chargeable with his inability to comply with his part of the contract was fully considered in the opinion, and we have seen no reason for doubting the correctness of the conclusion then reached, and can add nothing which, in our opinion, would strengthen the argument there made.

The contract described the forty acres, one-half of which was sold to Shotwell, as in the West Division deeded by Waller to Hausbraugh. The amended answer contains an averment that Burton falsely represented that the land was within the "West Division" of the city of Chicago, when, in fact, it was outside of said city, and he knew it. It was also averred that Shotwell was ignorant both of the location and value of the land, and relied entirely on Burton's representations as to its location. The evidence shows that the land lies about two miles outside of the city limits, and that those acquainted with Chicago would understand from the terms "in the West Division" that the land was within the corporate limits of the city.

But there is no evidence that Shotwell so understood it. He had Hausbraugh's letter in regard to the value of the property before him. The land was described in the contract as conveyed by Waller to Hausbraugh, and it is thus identified; it was estimated at $650, and the evidence shows that it was then worth that sum. Burton made no representation in respect to its location except that contained in the contract; and as Shotwell did not know what the term "West Division" meant, and it does not therefore appear that he understood from their use that the land was within the corporate limits of the city, there is no evidence that he was deceived by them; nor is there any evidence that Burton intended by their use to deceive him. Shotwell bought the property on speculation, it was worth what he agreed to pay for it, and there is no evidence that he was deceived or that Burton intended to deceive him as to its location.

Shotwell does not testify that he relied upon Burton's statement as to the location and value of the property, or that he understood or supposed the forty acres were within the city limits.

A purchaser by executory contract undoubtedly has a right to a perfect title in fee simple to all he buys. Shotwell bought the property of Burton. Burton had bought of Mrs. Gray. That property was subject to an easement of which we think the evidence shows Shotwell had notice when he purchased, and all he bought was the property subject to the easement. It will hardly be contended that one

who purchases land traversed by a public highway can rescind the contract because of the existence of the road, even though he was ignorant of its existence. Nor can he rescind because of a private right of way, of the existence of which he had knowledge when he entered into the contract. He gets precisely what he bought, and to allow him to escape from the contract because he did not get that which he knew he did not purchase, would be an abuse of the powers of a court of equity. Petition *overruled*.

*A. Barnett, L. Caldwell, for appellant.*

*Barr, Goodloe & Humphrey, for appellee.*